UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

ALAN POWERS, on behalf of NEXES )
GROUP, LLC, and ICENET, LLC, )
    Plaintiff, )
     )
    vs. )         3:05-cv-0216-RLY-WGH
     )
TELRITE CORPORATION, INC., )
    Defendant. )

**ENTRY ON DEFENDANT TELRITE CORPORATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant Telrite Corporation, Inc. ("Telrite"), moves to dismiss Plaintiff Alan Powers' ("Powers") Second Amended Complaint ("Complaint"), because Powers is not the real party in interest under Federal Rule of Civil Procedure 17 ("Rule 17"), and because the Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the reasons set forth below, Telrite's Motion to Dismiss is **DENIED**.

**I.    Background**

On July 14, 2004, Icenet, LLC ("Icenet"), and Telrite entered into an agreement ("the Agreement"), which was consummated in the State of Indiana. (Complaint ¶¶ 4, 6, 9). At all relevant times, Nexes Group, LLC ("Nexes"), was the sole member of Icenet. (Complaint ¶ 8). In December 2004, Icenet merged with Nexes, and Nexes emerged as the surviving entity. (Telrite Ex. A).

1

Powers filed this lawsuit on behalf of Icenet and Nexes, who have authorized him to wind up their affairs, alleging that Telrite breached the Agreement and failed to pay for services rendered. (Complaint ¶¶ 1, 2, 15). Due to Telrite's failure to make payments to Icenet of the no less than $2,900,000 required pursuant to the Agreement, Powers alleges that Telrite is in default of the Agreement. (Complaint ¶¶ 11-12, 14). Powers also claims that Icenet and/or Nexes provided telecommunications services to Telrite from June 2004 through December 2004 for which Telrite has refused to pay. (Complaint ¶¶ 17-20). Powers insists he is entitled to an additional $250,000 for these services. (Complaint ¶ 19).

On August 9, 2010, Telrite filed a Motion to Dismiss Power's Second Amended Complaint, alleging that Powers is not the real party in interest and that the Complaint fails to state a claim upon which relief may be granted. (Memorandum in Support of its Motion to Dismiss ("Motion Brief") 1). Telrite challenges Powers' assertion that he is legally entitled to bring this action, insisting that Nexes is the real party in interest pursuant to Rule 17. (Motion Brief 3-4). Additionally, Telrite claims that because Section 8.3 of the Agreement prohibited Icenet from assigning, by merger, its rights under the Agreement, Nexes has no right to enforce the Agreement; therefore, the breach of contract claim must fail. (Motion Brief 1, 3; Complaint Ex. A[1], at § 8.3).

---

[1]Because Powers submits multiple exhibits labeled "A," the exhibits are distinguished by including a reference to the document to which the exhibit is attached, *i.e.*, the Complaint or the Response.

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1), which requires diversity of the parties and an amount in controversy in excess of $75,000. For the purposes of diversity jurisdiction, the citizenship of an LLC is equivalent to the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Here, Icenet's sole member at all relevant times was Nexes, a Delaware LLC. (Complaint ¶¶ 3, 5). Nexes' members included corporations who, at all relevant times, were citizens of Delaware, Indiana, Wisconsin, and Florida. (Complaint ¶ 5). Powers is a citizen of California. (Complaint ¶ 2). In contrast, Telrite is a citizen of Georgia, a state in which neither Powers, nor Icenet, nor Nexes is a citizen. (Complaint ¶¶ 2-7). The diversity of the parties, combined with Powers' claim for more than two million dollars, satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a)(1).

## II. Extrinsic Materials

As an initial matter, Powers and Telrite submit several exhibits for the court to consider, some of which refer to facts and evidence outside the pleadings. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED.R.CIV.P. 12(d). However, documents that are referred to in a complaint and are authentic and central to a plaintiff's claim can be considered in a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)). Additionally, the district court may take judicial notice of matters of

3

public record, including public court documents, without converting a 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Services, et. al.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

Here, Powers attached fifteen documents to his Response to Telrite's Motion to Dismiss ("Response"), and Telrite attached one exhibit to its Motion Brief for the court to consider. The court may consider the Agreement in question, because it is mentioned in the Complaint (Complaint Ex. A), as well as the bankruptcy court motion and orders (Powers' Exs. E, N-O), because they are public records. *See Henson*, 29 F.3d, at 284. The court may also take judicial notice of Telrite's submission of the online records of Icenet and Nexes available from the website of the Delaware Secretary of State (Telrite Ex. A). *See Buck v. Bayer Healthcare Pharm., Inc.*, 2010 WL 623529, at *1 n.3 (N.D.Ind. Feb. 18, 2010) (noting that the court may take judicial notice of online records of corporations) (citing *Colon v. SmithKline Beecham Corp.*, 2010 WL 46523, at *3 (S.D.Ill. Jan. 5, 2010). Powers' use of the remaining documents (Powers' Exs. A-D, F-M) to prove factual allegations is unnecessary, whether or not they are matters of public record, because the court must treat the factual allegations in the complaint as true for the purposes of a motion to dismiss. Accordingly, the court will not consider Powers' remaining documents. If the parties wish for the court to consider such extrinsic materials, the appropriate action is to file a motion for summary judgment. *See* FED.R.CIV.P. 12(d).

### III. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." FED.R.CIV.P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). A complaint need not make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but it must contain more than labels and conclusions or a formalistic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must treat the factual allegations in the complaint as true, construe the allegations liberally, and draw all reasonable inferences in the plaintiff's favor. *See Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). Accordingly, the facts outlined above are accepted as Powers alleges them.

### IV. Discussion

Telrite contends that Powers' claim should be dismissed, because (A) Powers is not the real party in interest under Rule 17 and (B) the Complaint fails to state a claim upon which relief can be granted.

#### A. Real Party in Interest

Telrite asserts that, under Rule 17, Powers is not the real party in interest and does not have the capacity to sue. The real party in interest, Telrite insists, is Nexes, the surviving corporate entity of the Icenet/Nexes merger. Under Rule 17, "[a]n action must be prosecuted in the name of the real party in interest." FED.R.CIV.P. 17(a)(1). A party

authorized by statute "may sue in their own names without joining the person for whose benefit the action is brought." *Id.* at 17(a)(1)(G). Powers claims that he is authorized by Indiana statutes to sue on behalf of Nexes or Icenet; however, Telrite believes that the relevant statutes merely authorize an LLC to sue in its own name. Telrite claims that (1) Delaware law governs who has the capacity to sue as the real party in interest pursuant to Rule 17(b), and (2) even if Indiana law applies, no Indiana statute authorizes Powers to sue on behalf of Nexes, the real party in interest.

### 1. Capacity to Sue Pursuant to Rule 17(b)

As an initial matter, Telrite's claim that Rule 17(b)(2) dictates which state's law governs an LLC's capacity to sue is incorrect. Under Rule 17(b)(2), a corporation's capacity to sue is governed by the law under which it was organized. *Id.* at 17(b)(2). If both Nexes and Icenet, having been organized in Delaware, are treated as corporations as Telrite suggests, Delaware law would govern their capacity to sue. *See id.* This is not the case, however, because the Seventh Circuit has repeatedly held that an LLC is neither a corporation, nor an individual; therefore, the Northern District of Illinois' holding that LLC's are governed by Rule 17(b)(3), the catchall subsection, is persuasive. *Bahlenhorst v. Vrdolyak*, 2009 WL 65180, at *3 (N.D.Ill. Jan. 9, 2009) (citing *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (distinguishing an LLC from a corporation)). Accordingly, when considering whether an individual has the capacity to sue in his own name on behalf of an LLC, the court must look to the law of the state where the court is located. *See* FED.R.CIV.P. 17(b)(3). Because this court is located in Indiana, Indiana law

6

controls this issue, rendering Telrite's application of Delaware law erroneous. *See id.*

## 2. Powers' Statutory Authorization to Sue on Behalf of the LLCs

Telrite next claims that even if Indiana law governs an LLC's capacity to sue in this case, no Indiana statute authorizes Powers to sue in his own name on behalf of the LLCs. If any party has the capacity to sue as the real party in interest, Telrite argues, that party is Nexes.[2] On the other hand, Powers declares that he has been duly authorized by Icenet and Nexes in accordance with various Indiana statutes to wind up the affairs of those entities, which includes the capacity to bring suit on their behalf to recover monies due and owing to them.

In Indiana, an LLC's members or managers are entitled to wind up its business or affairs, unless otherwise provided in a written operating agreement. Ind. Code § 23-18-9-4. In winding up and liquidating its business affairs, a dissolved LLC may commence a proceeding *in its name*. *Id.* at § 23-18-9-3(a), (b)(5) (emphasis added). In this case, the court cannot determine, without considering evidence outside the complaint, whether Icenet and Nexes have written agreements authorizing Powers, who is an officer rather than a member of each LLC, to wind up their affairs. For the purposes of a motion to

---

[2]Ironically, Nexes *was* the named plaintiff in the original complaint filed in this case; yet, in its answer, Telrite asserted as an affirmative defense that Nexes was not the real party in interest. In response, Plaintiff filed two amended complaints in attempts to name the real party in interest, both of which were contested by Telrite. Now, after time-consuming litigation on this point and nearly five years after the filing of this lawsuit, Telrite admits that the original complaint properly named Nexes as the real party in interest. Going forward, Telrite is advised to evaluate more carefully the merits of the claims and defenses it submits to the court so as to avoid such unnecessary litigation.

dismiss, however, the court accepts Powers' allegation in the complaint that he is authorized to wind up the affairs of each LLC, which includes filing proceedings. *See* Ind. Code §§ 23-18-9-3(a), (b)(5), 23-18-9-4; (Complaint ¶ 2). Despite this authorization, Indiana law clearly calls for suits to be brought *in the name of* an LLC rather than *on behalf of* an LLC, as the caption currently reads. *See id.* Although this distinction has virtually no impact on the merits of this case, the statutory language dictates that the appropriate named plaintiffs are the LLCs themselves. *See* Ind. Code § 23-18-9-3. Treating Powers' factual allegation as true, he is authorized by statute to sue in the name of Nexes and Icenet in order to wind up and liquidate their business and affairs. *See* Ind. Code § 23-18-9-3(a), (b)(5); (Complaint ¶¶ 2, 15).

Because the original complaint listed Nexes as the named plaintiff and Telrite asserts in its Motion Brief that Nexes has the capacity to sue as the real party in interest, neither party should object to an amendment of the caption to reflect Nexes as a named plaintiff. (Docket # 1 (Complaint against Telrite Corp., Inc.; Motion Brief 4). After the merger of Icenet and Nexes, Icenet ceased to exist, and its assets and liabilities passed to Nexes as the surviving LLC. Ind. Code § 23-18-7-5. Accordingly, in the court's view, the proper course is to amend the caption to reflect Nexes, which has assumed the interests of Icenet, as the named plaintiff.

### B. Failure to State a Claim pursuant to Rule 12(b)(6)

Telrite also asserts that the Complaint fails to state a claim upon which relief may be granted and therefore must be dismissed. In the Complaint, Powers alleges that Telrite

breached the Agreement to which Icenet and Telrite were parties; therefore, he is entitled, on behalf of Icenet and Nexes, to damages arising from Telrite's breach and refusal to pay for services rendered. (Complaint ¶¶ 1, 9, 14). Because Section 8.12 of the Agreement stipulates that the Agreement "shall be governed by and construed in accordance with the laws of the State of Indiana," Indiana law governs the breach of contract claim. *See Allen v. Great American Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002) (noting that Indiana choice of law doctrine favors contractual stipulations as to governing law) (internal citations omitted). To prevail on a breach of contract claim in Indiana, a plaintiff must prove the existence of a contract, the defendant's breach thereof, and damages. *Collins v. McKinney*, 871 N.E.2d 363, 368 (Ind. Ct .App. 2007).

It is undisputed that Telrite and Icenet were parties to a contract; however, Telrite claims that the Agreement was not assignable by either party according to Section 8.3, which states in relevant part:

> Neither Party may assign any portion of the Agreement, voluntarily or involuntarily, including without limitation by operation of law or by merger in which such Party does not survive. . . . No person or entity not a party hereto shall have any interest herein or be deemed a third party beneficiary hereof, and nothing contained herein shall be construed to create any rights enforceable by any other person or third party.

(Complaint Ex. A, at § 8.3). Under this provision, Telrite argues that Icenet could not assign its rights under the Agreement to Nexes, the surviving party of a merger between the two LLCs; therefore, Nexes, who was not a party to the agreement, has no right to

9

enforce it.  In contrast, Powers believes that such a reading of Section 8.3 renders Section 8.5 of the agreement mere surplusage.  Section 8.5 states that the Agreement "shall be binding upon and inure to the benefit of, and are enforceable by, the Parties and their respective legatees, distributees, legal representatives, successors and permitted assigns."  Powers argues that if Section 8.3 is read to prevent any person or entity other than the parties to the Agreement from enforcing its rights under the Agreement, under no circumstances could a successor to one of the parties enforce the Agreement, rendering the inclusion of "successors" in Section 8.5 meaningless.

The court agrees with Powers that Section 8.3 renders the inclusion of "successors" in Section 8.5 meaningless.  It is well-established that the language of a contract must be construed "so as not to render any words, phrases, or terms ineffective or meaningless."  *See Orthodontic Affiliates, P.C. v. Long*, 841 N.E.2d 219, 222 (Ind. Ct. App. 2006) (internal citations omitted).  Additionally, Section 8.5 allows for enforcement of the Agreement by "permitted assigns," yet Section 8.3 prevents either party from assigning any portion of the agreement.  This tension between Sections 8.3 and 8.5 renders Section 8.3 ambiguous; therefore, it is plausible that Nexes has the right to enforce the Agreement.  Because Powers plausibly claims the existence of a contract, which Nexes has the right to enforce; a breach of that contract; and damages due to the breach, Powers has stated a valid claim for relief.  (*See* Complaint ¶¶ 9, 12, 14-17, 19).

## V. Conclusion

Based on the foregoing reasons, Defendant Telrite Corporation, Inc.'s, Motion to Dismiss the Second Amended Complaint (Docket # 56) is **DENIED**. The caption of this case is amended to reflect Nexes Group, LLC, as the plaintiff.

**SO ORDERED** this 7th day of December 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Paul Thomas Deignan
TAFT STETTINIUS & HOLLISTER LLP
pdeignan@taftlaw.com

Andrew Todd Kight
TAFT STETTINIUS & HOLLISTER LLP
akight@taftlaw.com

Peter L. Obremskey
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
jdouglas@parrlaw.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
mschultz@parrlaw.com